**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ROBERTO FRANCISCO QUEZADA-
GONZALEZ, AKA Cuate Quesada, AKA
Victor Quesada, AKA Francisco Quezada,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.   17-70659

Agency No. A206-407-021

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 10, 2023[**]
Pasadena, California

Before: KLEINFELD, WATFORD, and COLLINS, Circuit Judges.

Roberto Francisco Quezada-Gonzalez petitions this Court for a review of the

Board of Immigration Appeals's decision affirming the immigration judge's

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

denials of his request for a waiver of inadmissibility for his U visa application and his requests for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).

We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1).  For Quezada-Gonzalez's U visa claim, we review the Board's decision.  *See Guerra v. Barr*, 974 F.3d 909, 911 (9th Cir. 2020).  For his remaining claims, because the Board adopted the immigration judge's decision in its entirety, we review the immigration judge's decision directly.  *See Mutuku v. Holder*, 600 F.3d 1210, 1212 (9th Cir. 2010).  We review legal conclusions de novo and factual findings for substantial evidence.  *See Plancarte Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022).

The Board correctly decided that the immigration judge does not have authority to consider Quezada-Gonzalez's request for an inadmissibility waiver for his U visa application.  In *Man v. Barr*, we addressed the exact same question as Quezada-Gonzalez presents here: "In removal proceedings commenced against a non-citizen after the non-citizen has already entered the country, does an [immigration judge] have the authority to grant the non-citizen a U visa waiver of inadmissibility under 8 U.S.C. § 1182(d)(3)(A)(ii)?"  940 F.3d 1354, 1356 (9th Cir. 2019) (per curiam).  And we answered no.  *Id.*

For Quezada-Gonzalez's asylum claim, we are bound by the immigration judge's finding that his application is time-barred. *See* 8 U.S.C. § 1158(a)(2)(B), (3). Alternatively, the judge correctly decided that Quezada-Gonzalez's proposed social group of individuals returning from the United States does not constitute a protected ground for asylum purposes. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151–52 (9th Cir. 2010) (per curiam). For his argument that his family forms a particular social group, the immigration judge also had substantial evidence to conclude that he failed to establish such a claim. Under our precedent, petitioners invoking familial association as a protected ground must show that the alleged persecutors "specifically sought out the particular social group of [their] family." *Garcia v. Wilkinson*, 988 F.3d 1136, 1145 (9th Cir. 2021) (internal quotation marks and citation omitted). Although Quezada-Gonzalez states instances where his sister, brothers, and uncles separately faced robbery, threats, extortion, or harassment, the agency reasonably concluded that he failed to show they were specially sought out for their membership in his family. Lastly, nothing in the record compels us to reverse the immigration judge's finding that Quezada-Gonzalez failed to establish a "well-founded fear of persecution." 8 U.S.C. § 1101(a)(42)(A). He faced no past persecution; while living in the United States, he has never received any threat claiming to harm him if he returns to Mexico; his

3

alleged fear of the increased level of violence in Guadalajara does not establish a "reasonable possibility" that he would be persecuted. *INS v. Cardoza-Fonseca*, 480 U.S. 421, 440 (1987).

For the same reasons discussed above regarding protected grounds and fear of persecution, we also deny review of Quezada-Gonzalez's petition with respect to withholding of removal. *See Barajas-Romero v. Lynch*, 846 F.3d 351, 359–60 (9th Cir. 2017) (noting that where a petitioner does not establish any protected ground, the nexus analysis under asylum and withholding claims is the same); *Fisher v. I.N.S.*, 79 F.3d 955, 961 (9th Cir. 1996) (noting that a claimed fear of persecution falling short of asylum's "well-founded fear" standard necessarily cannot meet the higher standard of a "clear probability of persecution" for withholding).

We further decide that substantial evidence supports the immigration judge's finding that Quezada-Gonzalez failed to show he is "more likely than not to suffer" torture if removed. *Plancarte Sauceda*, 23 F.4th at 834 (quoting 8 C.F.R. § 1208.16(c)(2)). Nothing in Quezada-Gonzalez's general claim of fear of "kidnapings, extortions, robberies, etc.," or the country report he submitted shows a "particularized threat of torture" that compels us to conclude differently from the immigration judge. *Lanza v. Ashcroft*, 389 F.3d 917, 936 (9th Cir. 2004).

4

**PETITION DENIED.**